UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNE WITH AN E, LIMITED LIABILITY COMPANY,<br>    *Plaintiff*,<br><br>v.<br><br>ANNE OF GREEN GABLES LICENSING AUTHORITY INC.,<br><br>    *Defendant*. | Civil Action No.: 1:23-cv-1408<br><br>**COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Anne With An E, Limited Liability Company ("Plaintiff" or "AWE"), through its counsel, Leason Ellis LLP, undersigned, brings this action against Defendant Anne of Green Gables Licensing Authority Inc. ("Defendant" or "AGGLA") and alleges as follows.

## NATURE OF THE ACTION

1. This is an action seeking a declaratory judgment declaring that the title of Plaintiff's musical theatre production, which is currently *Anne of Green Gables: A New Musical* ("Plaintiff's Musical"), does not infringe upon any trademark or other intellectual property rights that Defendant AGGLA holds itself out to the public as owning in the phrases ANNE OF GREEN GABLES or ANNE OF GREEN GABLES THE MUSICAL in connection with the production of musical theatre performances.

2. As further relief, Plaintiff seeks its attorneys' fees and costs, as Plaintiff commences this declaratory judgment action not merely on a reasonable apprehension of litigation by AGGLA, but following AGGLA's express threats of the filing of a trademark infringement lawsuit against the producers of Plaintiff's musical theatre production based on its objectively unreasonable legal position concerning the trademark rights it claims to own relating to the 1908 public domain novel, *Anne of Green Gables* (the "Public Domain Novel").

## PARTIES

3. Plaintiff AWE is a New York limited liability company having its principal place of business at c/o ShowTown Theatricals, 630 9th Avenue, Suite 401, New York, New York 10036.

4. Plaintiff is a theatrical production company that is developing Plaintiff's Musical, *Anne of Green Gables: A New Musical*, based on the Public Domain Novel, *Anne of Green Gables* by L.M. Montgomery. Plaintiff's Musical features an original book and lyrics by Matte O'Brien and music by Matt Vinson. It was presented at the Goodspeed Opera House in East Haddam, Connecticut from July 17 to September 4, 2022, with further presentations in development.

5. Defendant AGGLA is a Canadian corporation, jointly owned by the Province of Prince Edward Island and the Heirs of L.M. Montgomery Inc., having its principal place of business in Charlottetown, Prince Edward Island, Canada.

6. Defendant holds itself out to the public as being the sole licensing agent for the trademark ANNE OF GREEN GABLES in the United States and abroad. Defendant purportedly licenses use of the ANNE OF GREEN GABLES trademark in connection with a musical production, titled, *Anne of Green Gables: The Musical* ("Defendant's Musical"), through its licensing agent, Concord Theatricals Corp., a corporation that is registered to do business in New York and has its principal place of business at 250 West 57th Street, 6th Floor, New York, New York 10107. Defendant's Musical features a book by Donald Harron and music by Norman Campbell. It is in no way shape or form the same or similar production as Plaintiff's Musical, save for it also being based on the Public Domain Novel, *Anne of Green Gables*.

## JURISDICTION AND VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*

8. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

9. This Court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 302(1) because it transacts business within the state of New York and/or contracts to supply goods or services in the state of New York, and has systematic and continuous contacts with the state of New York, including in connection with, but not limited to, purported licenses of the use of the ANNE OF GREEN GABLES trademark in connection with a musical production, titled, *Anne of Green Gables: The Musical*, through the licensing agent of the musical, Concord Theatricals Corp., a corporation that is registered to do business in New York and has its principal place of business at 250 West 57th Street, 6th Floor, New York, New York 10107.

10. Venue is proper under 28 U.S.C. § 1391(b) because it is in the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. This case revolves around business activities taking place in New York City, and thus has a substantial connection to this venue. This action arises in part from Defendant's complaints about the activities of Plaintiff, which is a New York LLC located in New York City, which plans to present its musical locally in this district and has conducted various developmental activities in this district. It also arises in part from Defendant's use of its alleged ANNE OF GREEN GABLES trademarks in connection with Defendant's Musical, which it does through the New York City-based licensing agent, Concord Theatricals Corp.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. L.M. Montgomery's beloved story, *Anne of Green Gables*, is in the public domain, because it was published in 1908, well before January 1, 1928, and all such works are in the public domain pursuant to 17 U.S.C. § 304(c). It has inspired book adaptions, TV series, movies and multiple musicals.

12. By threatening litigation against Plaintiff, Defendant is brazenly attempting to impermissibly extend the life of, monetize, and enforce against Plaintiff an expired copyright in the Public Domain Novel, *Anne of Green Gables*, under the guise of trademark law.

13. As alleged above, Defendant's Musical is based on the Public Domain Novel and features a book by Donald Harron and music by Norman Campbell. According to the website of Concord Theatricals Corp., Defendant's licensing agent for Defendant's Musical, it appears that the sole performance of Defendant's Musical in 2023 will be outside of the United States, from May 6-7, 2023, at the Chalkboard Theatre Society in Duncan, British Columbia, Canada. *See Anne of Green Gables – The Musical, Concord Theatricals*, https://www.concordtheatricals.com/p/2179/anne-of-green-gables-the-musical (last visited Feb. 13, 2023).

14. As alleged above, Plaintiff's Musical is also based on the Public Domain Novel and features an original book and lyrics by Matte O'Brien and music by Matt Vinson. Plaintiff's Musical was last staged at the Goodspeed Opera House in East Haddam, Connecticut and is currently being further developed for a Broadway production.

15. Plaintiff's Musical is not the same as Defendant's Musical. Any similarity between the two shows is a consequence purely of their both being based on the Public Domain Novel, which violates no copyright laws because of the Public Domain Novel's public domain status.

16. Plaintiff does not license, from Defendant or otherwise, the use of the Public Domain Novel or any trademarks relating to it for purposes of Plaintiff's Musical.

17. Plaintiff does not need to license any trademarks relating to the Public Domain Novel for purposes of Plaintiff's Musical for the same reason it does not need to license the use of the Public Domain Novel itself for its musical: the novel is in the public domain.

18. In 2018, AGGLA, through counsel, began its campaign to enforce against Plaintiff its purported trademark rights in the phrases ANNE OF GREEN GABLES and ANNE OF GREEN GABLES THE MUSICAL for use in connection with the production of musical theatre performances. Plaintiff consistently refuted AAGLA's claims, based on the fact that the title of Plaintiff's Musical is entirely descriptive of the Public Domain Novel to which the title relates. Nothing could be more descriptive of a new musical based on the Public Domain Novel *Anne of Green Gables* than Plaintiff's title: *Anne of Green Gables: A New Musical*.

19. In December 2022, AGGLA's litigation threats became imminent and more definite when AGGLA, through litigation counsel, sent Plaintiff a demand letter enclosing a draft Complaint to be filed in a federal district court, asserting ownership of the trademark ANNE OF GREEN GABLES and purported common law rights in the phrase ANNE OF GREEN GABLES THE MUSICAL. Defendant's draft Complaint included numerous federal and state law causes of action directed at enforcing nonexistent trademark rights against Plaintiff in connection with the title of Plaintiff's Musical.

20. Specifically, AGGLA asserted the following trademark registrations or applications against Plaintiff:

| Mark | Descriptions of Goods and Services |
|---|---|
| ANNE OF GREEN GABLES<br>Filing Date:<br>Mar. 26, 1999<br>Reg. Date:<br>Dec. 21, 2010<br>Reg. No.: 3891631<br>First Use Date: Dec. 31, 1985 | Cl. 3: sachets, hand lotion, bath powder, non-medicated bath salts, talcum powder, hand and bath soap<br><br>Cl. 9: CD-Roms, namely, a series of pre-recorded interactive storybooks on CD-Rom; a series of pre-recorded audio cassettes, pre-recorded compact discs, and pre-recorded video cassettes, all containing dramatic stories<br><br>Cl. 16: rubber stamps; rubber stamp kits consisting of rubber stamps, stamp pads, and stamp pad ink, all sold as a unit; coloring |

| Mark | Descriptions of Goods and Services |
|---|---|
|  | books, calendars, journals, a series of books containing dramatic stories; a series of books containing pop-up doll houses; slate, chalk, and chalk brushes<br><br>Cl. 18: jewelry rolls, purses, evening bags, shoe bags for travel<br><br>Cl. 20: decorator accessories, namely, pillows, clothes hangers<br><br>Cl. 21: figurines made of bone china and porcelain; collector plates made of bone china and porcelain<br><br>Cl. 25: clothing, namely, sweatshirts, t-shirts, nightshirts; straw hats<br><br>Cl. 28: toys, namely, hobby craft kits for pressing flowers; hobby craft kits for making dolls and doll accessories; children's play tea sets; dolls; jigsaw puzzles<br><br>Cl. 29: fruit preserves and jams, gift baskets containing primarily fruit preserves and jams and including honey and tea<br><br>Cl. 30: honey, tea, gift baskets containing primarily honey and tea<br><br>Cl. 41: entertainment services, namely, production of film and television programs |
| ANNE OF GREEN GABLES<br>Filing Date:<br>Mar. 25, 1999<br>Reg. Date:<br>Jul. 22, 2014<br>Reg. No.: 4572584<br>First Use Date: June 2013 | Cl. 18: Leather goods, namely, purses, satchels, backpacks<br><br>Cl. 25: Clothing, namely, aprons, dresses, skirts, blouses; hats and caps made of felt, wool, or fur<br><br>Cl. 30: Confectionery, namely, maple sugar candy, chocolates, toffee, and fudge; sauces, namely, chocolate, caramel, butterscotch, and fruit flavored sauces |

6

| Mark | Descriptions of Goods and Services |
|---|---|
| | Cl. 41: Educational services and the provision of cultural activities relating to literary works and literary characters, namely, the operation of fan clubs, festivals, and academic conferences; providing information concerning literary works and literary characters over a global computer information network |
| ANNE OF GREEN GABLES<br>Filing Date: Sep. 12, 2022<br>Ser. No.: 97587263<br>First Use Date: Dec. 1971 | Cl. 9: Downloadable video game software<br><br>Cl. 16: Cases specially adapted for holding and carrying books; Stickers<br><br>Cl. 18: Tote bags<br><br>Cl. 25: Scarves; Gloves; Fingerless gloves; Socks<br><br>Cl. 41: Entertainment services, namely, live performances in the nature of ballets and musicals; Entertainment services, namely, providing online video games |

21.  Defendant's draft complaint asserted three causes of action under the Lanham Act.

22.  Defendant's first purported cause of action against Plaintiff is for federal trademark infringement based on Defendant's allegation that the title of Plaintiff's Musical is likely to cause confusion with Defendant's alleged trademarks pursuant to U.S. Trademark Reg. No. 3891631 for ANNE OF GREEN GABLES covering goods and services in Classes 3, 9, 16, 18, 20, 21, 25, 28, 29, 30, and 41 and U.S. Trademark Reg. No. 4572584 for ANNE OF GREEN GABLES covering goods and services in Classes 18, 25, 30, and 41.

23.  Defendant's second purported cause of action against Plaintiff is for federal unfair competition based on Defendant's allegation that Defendant owns common law rights in ANNE

OF GREEN GABLES THE MUSICAL and that the title of Plaintiff's Musical is likely to cause confusion with the same.

24. Defendant's third purported cause of action against Plaintiff is for federal trademark dilution based on Defendant's allegation that the ANNE OF GREEN GABLES marks as embodied in the above-cited registrations and the purported ANNE OF GREEN GABLES THE MUSICAL mark are famous marks pursuant to 15 U.S.C. § 1125(c) and the title of Plaintiff's Musical is likely to dilute the distinctive qualities of the same.

25. Defendant's draft complaint also included two state law claims similar in substance and scope to its federal claims.

26. Defendant's purported claims are without basis because the Public Domain Novel is no longer subject to copyright and is as much in the public domain as are Shakespeare's plays. Anyone has a legal right to make a work based on a public domain novel and call it by its title.

27. Defendant's purported claims are further without basis because Plaintiff is using the phrase ANNE OF GREEN GABLES in a manner that has artistic relevance to Plaintiff's Musical, an expressive work, in that Plaintiff's Musical is based on the Public Domain Novel, *Anne of Green Gables*.

28. Defendant's purported claims are further without basis because the title of Plaintiff's Musical does not mislead consumers and the phrase ANNE OF GREEN GABLES is not used by Plaintiff as a designation of source of goods or services.  Instead, Plaintiff uses the phrase to describe accurately and in good faith the fact that Plaintiff's Musical is based on the Public Domain Novel.  Because consumers do not view the title of Plaintiff's Musical as a trademark, the designation is not likely to cause consumer confusion or dilute any trademark rights purportedly owned by Defendant and causes no harm to Defendant.

29. Defendant's accusation of dilution is further without basis because Defendant's use of the phrase ANNE OF GREEN GABLES THE MUSICAL is not famous within the meaning of 15 U.S.C. § 1125(c) and its use of the phrase ANNE OF GREEN GABLES is not famous within the meaning of 15 U.S.C. § 1125(c) with respect to its use in connection with musical theatre productions as required under the Lanham Act for dilution liability.

30. Counsel for Defendant represented to Plaintiff that if Plaintiff did not submit to various requests from Defendant that Plaintiff rename and rebrand Plaintiff's Musical by a certain date, Defendant would file its draft complaint by February 15, 2023.

31. Plaintiff communicated to Defendant its refusal to rename or rebrand Plaintiff's Musical by any date prior to the aforementioned deadline of February 15, 2023.

32. Counsel for Defendant replied with renewed demands that Plaintiff comply by a new deadline of February 20, 2023, or face litigation of Defendant's asserted claims at some unknown and unstated point in the future.

33. Plaintiff reiterated its prior refusal to rename or rebrand Plaintiff's Musical (or otherwise comply with any of Defendant's demands) prior to the new compliance deadline of February 20, 2023.

34. Further, Defendant neither withdrew its claims nor commenced any manner of civil action against Defendant seeking relief based upon the aforementioned claims.

35. Defendant's self-imposed deadline to amicably resolve the dispute has now lapsed.

36. As a result of Defendant's failure to act, a controversy regarding the lawfulness of Plaintiff's Musical continues to persist, inclusive of whether Plaintiff is engaging in unfair competition with Defendant with respect to any trademark rights Defendant claims to own in the phrases ANNE OF GREEN GABLES and ANNE OF GREEN GABLES THE MUSICAL.

37. Accordingly, a justiciable controversy exists within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 as to whether Plaintiff's conduct constitutes trademark infringement, unfair competition, or dilution under the Lanham Act.

38. Plaintiff is entitled to proceed with this declaratory judgment action to remove the cloud created by Defendant's threats of legal action and have this Court determine Plaintiff's right to continue to use the name of Plaintiff's Musical.  Absent a declaration to this effect, Defendant will continue to wrongfully allege that the title of Plaintiff's Musical infringes Defendant's alleged trademark rights, thereby causing Plaintiff irreparable injury and damage.

## FIRST CLAIM FOR RELIEF
*Declaratory Judgment of No Trademark Infringement*

39. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

40. As a result of the acts described above, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not infringed and is not infringing Defendant's alleged trademark rights.

41. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue using the title of Plaintiff's Musical in the manner set out in this Complaint.

42. Plaintiff is entitled to a declaratory judgment that Plaintiff's use of the title of Plaintiff's Musical is not likely to cause consumer confusion and does not infringe, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a).

## SECOND CLAIM FOR RELIEF
*Declaratory Judgment of No Unfair Competition*

43. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

44. As a result of the acts described above, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not engaged in and is not engaging in unfair competition with Defendant with respect to any trademark rights Defendant claims to own in the phrases ANNE OF GREEN GABLES or ANNE OF GREEN GABLES THE MUSICAL.

45. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue using the title of Plaintiff's Musical in the manner set out in this complaint.

46. Plaintiff is entitled to a declaratory judgment that Plaintiff's use of the title of Plaintiff's Musical and its conduct described herein does not constitute unfair competition under 15 U.S.C. § 1125(a) or any state laws.

### THIRD CLAIM FOR RELIEF
*Declaratory Judgment of No Trademark Dilution*

47. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

48. As a result of the acts described above, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that ANNE OF GREEN GABLES and ANNE OF GREEN GABLES THE MUSICAL are not famous marks with respect to their use in connection with musical theatre productions under 15 U.S.C. § 1125 and that Plaintiff's use of the title of its Musical does not dilute any trademark rights of Defendant.

49. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue using the title of Plaintiff's Musical in the manner set out in this complaint.

50. Plaintiff is entitled to a declaratory judgment that ANNE OF GREEN GABLES and ANNE OF GREEN GABLES THE MUSICAL are not famous marks with respect to their use in connection with musical theatre productions under 15 U.S.C. § 1125(c). Plaintiff further is

entitled to a declaratory judgment that Plaintiff's use of the title of Plaintiff's Musical, and any similar titles that employ the same or similar subject matter, does not dilute, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1125(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AWE prays for judgment against Defendant AGGLA as follows:

(a)     Adjudging that Plaintiff has not infringed and is not infringing, either directly or indirectly, any valid and enforceable trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a);

(b)     Adjudging that Plaintiff has not diluted and is not diluting, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1125(c) or any state law;

(c)     Adjudging that that Plaintiff has not engaged in and is not engaging in unfair competition in violation of 15 U.S.C. § 1125(a) or any state law;

(d)     Adjudging that Defendant owns no enforceable trademark rights in ANNE OF GREEN GABLES or ANNE OF GREEN GABLES THE MUSICAL in connection with the production of musical theatre performances;

(e)     Restraining and enjoining Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them from alleging, representing, or otherwise stating that Plaintiff's use of the title of Plaintiff's Musical infringes or dilutes any rights of Defendant in Defendant's alleged trademarks or constitutes unfair competition or is unlawful under any state law;

(f)     Declaring Plaintiff the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

(g)     Awarding Plaintiff all fees, expenses, and costs associated with this action; and

(h)     Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

Dated: February 21, 2023                    Respectfully Submitted,

                                            LEASON ELLIS LLP

                                            _____
                                            Cameron S. Reuber
                                            Peter S. Sloane
                                            Tatsuya Adachi
                                            LEASON ELLIS LLP
                                            One Barker Avenue
                                            White Plains, New York 10601
                                            Phone: (914) 288-0022
                                            Email: reuber@leasonellis.com;
                                            sloane@leasonellis.com;
                                            adachi@leasonellis.com;
                                            lelitdocketing@leasonellis.com

                                            *Attorneys for Plaintiff Anne With An E,*
                                            *Limited Liability Company*