UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNE WITH AN E, LIMITED LIABILITY COMPANY, <br><br> Plaintiff <br> and Counterclaim Defendant, <br><br> v. <br><br> ANNE OF GREEN GABLES LICENSING AUTHORITY INC., <br><br> Defendant <br> and Counterclaimant, | **Civil Action** No.: 1:23-CV-01408 (LAK) <br><br> **ANSWER AND COUNTERCLAIMS** <br><br> DEMAND FOR JURY TRIAL |

Defendant and Counterclaimant Anne of Green Gables Licensing Authority Inc.

("AGGLA"), by its undersigned counsel, answers Plaintiff and Counterclaim Defendant Anne

With An E, Limited Liability Company's ("Plaintiff" or "AWE") complaint and alleges against

AWE as follows:

## NATURE OF THE ACTION

1.      AGGLA denies all allegations in Paragraph 1, except that it admits that AWE has

brought an action seeking a declaratory judgement declaring that the title of Plaintiff's musical

theatre production does not infringe upon any trademark or other intellectual property rights

owned by AGGLA.

2.      AGGLA denies all allegations in Paragraph 2, except that it admits that AWE

seeks its attorneys' fees and costs.

## PARTIES

3.      Denied, as AGGLA is without sufficient knowledge or information as to the truth

of the allegations asserted in this Paragraph 3.

4.      Denied, as AGGLA is without sufficient knowledge or information as to the truth

of the allegations asserted in this Paragraph 4.

5.      Admitted.

6.      Admitted.

## JURISDICTION AND VENUE

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.      Admitted.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.      AGGLA admits that *Anne of Green Gables*, written by L.M. Montgomery and published in 1908, has inspired book adaptions, TV series, and movies.  AGGLA otherwise denies the allegations asserted in this Paragraph 11.

12.      AGGLA admits threatening litigation against Plaintiff, but otherwise denies the allegations asserted in this Paragraph 12.

13.      AGGLA admits that *Anne of Green Gables – The Musical*™ is based on novel by L.M. Montgomery and otherwise denies the allegations asserted in this Paragraph 13.

14.      Denied, as AGGLA is without sufficient knowledge or information as to the truth of the allegations asserted in this Paragraph 14.

15.      Denied.

16.      Denied, as AGGLA is without sufficient knowledge or information as to the truth of the allegations asserted in this Paragraph 16.

17.      Denied.

18.      AGGLA admits that it's counsel sent letters to Plaintiff regarding its infringement

but otherwise denies the allegations in this Paragraph 18.

19.     AGGLA admits that it sent a demand letter to Plaintiff enclosing a draft complaint

asserting ownership of the trademark ANNE OF GREEN GABLES and ANNE OF GREEN

GABLES THE MUSICAL.  AGGLA also admits that the draft complaint included numerous

federal and state law causes of action against Plaintiff in connection with the title of Plaintiff's

musical, but otherwise denies the allegations in this Paragraph 19.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Admitted

31.     Admitted.

32.     Admitted

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     AGGLA admits that Plaintiff is entitled to seek declaratory judgment but

otherwise denies all allegations in this Paragraph 38.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment of No Trademark Infringement

39.     Denied. AGGLA incorporates by reference herein its answers to the foregoing

Paragraphs as though they were set forth fully herein.

40.     Denied.

41.     Denied.

42.     Denied.

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment of No Unfair Competition

43.     Denied. AGGLA incorporates by reference herein its answers to the foregoing

Paragraphs as though they were set forth fully herein.

44.     Denied.

45.     Denied.

46.     Denied.

## THIRD CLAIM FOR RELIEF
### Declaratory Judgment of No Trademark Dilution

47.     Denied. AGGLA incorporates by reference herein its answers to the foregoing

Paragraphs as though they were set forth fully herein.

48.     Denied.

49.     Denied.

50.     Denied.

**COUNTERCLAIM**

1.      AGGLA alleges that Plaintiff is liable for infringing upon AGGLA's common law trademark rights in ANNE OF GREEN GABLES THE MUSICAL and AGGLA's common law and federally registered trademark rights in  ANNE OF GREEN GABLES under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for unfair competition under the common law of the State of New York, all arising from the Plaintiff's unauthorized use of the infringing mark ANNE OF GREEN GABLES A NEW MUSICAL in connection with the marketing, advertising, and/or promotion of Plaintiff's musical production.

2.      AGGLA seeks monetary relief, injunctive relief, and any further relief this Court deems proper.

3.      AGGLA alleges on knowledge, information, and belief as follows:

**JURISDICTION AND VENUE**

4.      This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. §§ 1114, 1125, and 1052 as well as state unfair competition and unjust enrichment law, and New York common law for trademark infringement. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the trademark laws of the United States are closely related to the federal claims such that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.      This Court has personal jurisdiction over Plaintiff because, on information and belief, Plaintiff directed tortious acts at AGGLA in this judicial district and have committed tortious acts that they knew or should have known would cause injury to AGGLA in this judicial district. Plaintiff actively advertises, markets, promotes, and offers their goods and services in the

State of New York, and in this judicial district, that bear the infringing trademarks at issue in this case.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to the claims occurred in this judicial district and Plaintiff are otherwise subject to the Court's personal jurisdiction with respect to this action.

**FACTS**

A.     **AGGLA's Trademark Rights**

7.      AGGLA is a Canadian corporation jointly owned by the Province of Prince Edward Island, and the Heirs of L.M. Montgomery Inc.

8.      AGGLA is the sole licensing agent for the ANNE OF GREEN GABLES trademarks in the United States and abroad.

9.      *Anne of Green Gables* is a famous book series by Lucy Maud Montgomery consisting of eight books published between 1908 and 1939. The first *Anne of Green Gables* book was published in Boston, Massachusetts in 1908 and has sold over 50 million copies and has been translated into more than 30 languages.

10.     As a result of the books' success, the *Anne of Green Gables* stories have been adapted into numerous films, television shows, animated series, live-action television series, and live performances.

11.     AGGLA has used the ANNE OF GREEN GABLES THE MUSICAL Mark (subject of United States Trademark Registration Number 85560962) in commerce throughout the United States continuously since at least December 1971 in connection with the marketing, advertising, and promotion of its entertainment services, namely a live on-stage musical production ("**AGGLA's Services**").

12.     For over two decades, AGGLA and its licensees has substantially exclusively and continuously used and promoted AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark in the United States in connection with AGGLA's Services.

13.     AGGLA has invested substantial time and expense in marketing, promoting, and advertising AGGLA's Services under AGGLA's ANNE OF GREEN GABLES brand.

14.     As a result of AGGLA's substantially exclusive and continuous use and promotion of AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark, AGGLA owns extremely valuable goodwill in the mark and the purchasing public has come to associate AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark with AGGLA.

15.     As a result of its widespread, continuous, and exclusive use of the ANNE OF GREEN GABLES THE MUSICAL Mark to identify AGGLA's Services and AGGLA as their source, AGGLA owns valid and subsisting federal common law rights to the ANNE OF GREEN GABLES THE MUSICAL Mark.

16.     In addition to its common law rights, AGGLA owns the following registrations and pending application on the Principal Register of the United States Patent and Trademark Office ("**USPTO**") (collectively, the "**ANNE Marks**"):

| Mark Information | Goods / Services |
|---|---|
| ANNE OF GREEN GABLES<br><br>Filing Date:<br>Mar. 26, 1999<br><br>Reg. Date:<br>Dec. 21, 2010<br><br>Reg. No.: 3891631<br><br>First Use Date:<br>Dec. 31, 1985 | Cl. 3: sachets, hand lotion, bath powder, non-medicated bath salts, talcum powder, hand and bath soap<br><br>Cl. 9: CD-Roms, namely, a series of pre-recorded interactive storybooks on CD-Rom; a series of pre-recorded audio cassettes, pre-recorded compact discs, and pre-recorded video cassettes, all containing dramatic stories<br><br>Cl. 16: rubber stamps; rubber stamp kits consisting of rubber stamps, stamp pads, and stamp pad ink, all sold as a unit; coloring books, calendars, journals, a series of books containing dramatic stories; a series of books containing pop-up doll houses; slate, chalk, and chalk brushes<br><br>Cl. 18: jewelry rolls, purses, evening bags, shoe bags for travel<br><br>Cl. 20: decorator accessories, namely, pillows, clothes hangers<br><br>Cl. 21: figurines made of bone china and porcelain; collector plates made of bone china and porcelain |

| | |
|---|---|
| | Cl. 25: clothing, namely, sweatshirts, t-shirts, nightshirts; straw hats

Cl. 28: toys, namely, hobby craft kits for pressing flowers; hobby craft kits for making dolls and doll accessories; children's play tea sets; dolls; jigsaw puzzles

Cl. 29: fruit preserves and jams, gift baskets containing primarily fruit preserves and jams and including honey and tea

Cl. 30: honey, tea, gift baskets containing primarily honey and tea

Cl. 41: entertainment services, namely, production of film and television programs |
| ANNE OF GREEN GABLES

Filing Date: Mar. 25, 1999

Reg. Date: July 22, 2014

Reg. No.: 4572584

First Use Date: June 2013 | Cl. 18: Leather goods, namely, purses, satchels, backpacks

Cl. 25: Clothing, namely, aprons, dresses, skirts, blouses; hats and caps made of felt, wool, or fur

Cl. 30: Confectionery, namely, maple sugar candy, chocolates, toffee, and fudge; sauces, namely, chocolate, caramel, butterscotch, and fruit flavored sauces

Cl. 41: Educational services and the provision of cultural activities relating to literary works and literary characters, namely, the operation of fan clubs, festivals, and academic conferences; providing information concerning literary works and literary characters over a global computer information network |
| ANNE OF GREEN GABLES

Filing Date: Sept. 12, 2022

Ser. No.: 97587263

First Use Date: Dec. 1971 | Cl. 9: Downloadable video game software

Cl. 16: Cases specially adapted for holding and carrying books; Stickers

Cl. 18: Tote bags

Cl. 25: Scarves; Gloves; Fingerless gloves; Socks

Cl. 41: Entertainment services, namely, live performances in the nature of ballets and musicals; Entertainment services, namely, providing online video games |

Attached as Exhibit 1 are true and correct copies of the registration certificates and TSDR Status Pages for the above registrations and application.

17.     AGGLA's musical production ANNE OF GREEN GABLES THE MUSICAL, has been named "the longest running annual musical theatre production" by *Guinness World Records*.

18.     As a result of its distinctiveness and widespread use and promotion throughout the United States, AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and ANNE Marks are famous trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and became famous prior to the acts of the Plaintiff alleged herein.

**B.     Plaintiff's Infringing Acts**

19.     Plaintiff advertises, markets, promotes, provides, and otherwise offers entertainment services, namely a live on-stage musical production under the identical or substantially similar ANNE OF GREEN GABLES A NEW MUSICAL trademark ("**Infringing Mark**").

20.     Plaintiff uses the Infringing Mark in connection with the offering of a live on-stage musical production ("**Infringing Services**").

21.     Plaintiff's use of the Infringing Mark in connection with the Infringing Services commenced well after AGGLA began use of AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks. Therefore, AGGLA enjoys senior trademark rights that have priority over Plaintiff's Infringing Mark in connection with the Infringing Services.

22.     As a direct competitor of AGGLA, Plaintiff is using the Infringing Mark in connection with the promotion, marketing, advertisement, and offering of the Infringing Services to the same consumers and in overlapping channels of trade in the United States.

23.     Plaintiff's use of the Infringing Mark in connection with the Infringing Services is a willful and intentional attempt to trade on the goodwill and commercial success that AGGLA has built up in AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks and to free ride on AGGLA's success as a preeminent and well-known advertiser, marketer, promoter, and provider of a musical productions.

24.     Upon information and belief, Plaintiff's identical or substantially similar use of Plaintiff's Infringing Mark in connection with offering a musical production has caused actual

customer and consumer confusion, and will likely continue to cause confusion before, during, and after the time of purchase because consumers, prospective consumers, and others viewing Plaintiff's Infringing Services are likely to confuse AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and Plaintiff's Infringing Mark with respect to source, association, affiliation, and sponsorship.

25.     By causing a likelihood of confusion, mistake, and deception, Plaintiff is inflicting irreparable harm on the goodwill symbolized by AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and ANNE Marks and the reputation for quality that they embody.

26.     On June 19, 2018, AGGLA sent a cease-and-desist letter to Plaintiff regarding Plaintiff's previous use of ANNE OF GREEN GABLES – A FOLK ROCK MUSICAL. In that letter, AGGLA advised Plaintiff of AGGLA's trademark rights in the ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks and objected to Plaintiff's use of the infringing mark. Attached as Exhibit 2 is a true and correct copy of AGGLA's June 19, 2018, cease-and-desist letter to Plaintiff.

27.     Upon learning Plaintiff changed its use to an even similar mark, ANNE OF GREEN GABLES A NEW MUSICAL, AGGLA sent another cease-and-desist letter on September 30, 2021, again advising of its rights in the ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks and objecting to Plaintiff's use of the Infringing Mark. Attached as Exhibit 3 is a true and correct copy of AGGLA's September 30, 2021, cease-and-desist letter to Plaintiff.

28.     Based on the prior communications between the parties, Plaintiff was aware of AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks, but nevertheless willfully and intentionally adopted and used the Infringing Mark.

29.     Thus, Plaintiff knowingly, willfully, intentionally, and maliciously adopted and used the identical or substantially similar imitation of AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks in connection with the Infringing Services.

30.     Plaintiff's infringing acts as alleged herein have caused or are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin

of the Plaintiff's musical production and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Plaintiff's musical production originates from, is associated or affiliated with, or otherwise authorized by AGGLA.

## FIRST COUNTERCLAIM
### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

31.     AGGLA repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

32.     AGGLA owns U.S. Trademark Registration No. 3891631 for ANNE OF GREEN GABLES covering goods and services in Classes 3, 9, 16, 18, 20, 21, 25, 28, 29, 30, and 41 and U.S. Trademark Registration No. 4572584 for ANNE OF GREEN GABLES covering goods and services in Classes 18, 25, 30, and 41. True of correct copies of these registrations are attached as Exhibit 1.

33.     Plaintiff's ANNE OF GREEN GABLES A NEW MUSICAL mark is identical or substantially similar to AGGLA's ANNE OF GREEN GABLES registered trademarks. Plaintiff's Infringing Services are substantially similar, and/or highly related to the goods and services set forth in AGGLA's registrations for the ANNE Marks.

34.     Plaintiff's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Plaintiff's Services, and is likely to cause consumers to believe, contrary to fact, that Plaintiff's musical production is authorized, endorsed, or sponsored by AGGLA, or that Plaintiff is in some way affiliated with or sponsored by AGGLA. Plaintiff's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Upon information and belief, Plaintiff committed the foregoing acts of infringement with full knowledge of AGGLA's prior rights in the ANNE Marks and with the willful intent to cause confusion and trade on AGGLA's goodwill.

35.     Upon information and belief, Plaintiff selected the Infringing Mark with the willful intent to cause consumer confusion and to deceive consumers into believing that Plaintiff's

Infringing Services are actually AGGLA's or are associated therewith.

36.　　AGGLA has no adequate remedy at law. Plaintiff's conduct as alleged herein has caused and will continue to cause irreparable harm to AGGLA's rights in AGGLA's ANNE Marks and its trademark registrations, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## SECOND COUNTERCLAIM
### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

37.　　AGGLA repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

38.　　AGGLA owns common law rights in AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark. In addition, AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark has acquired distinctiveness in connection with AGGLA's Services as an indicator of source prior to Plaintiff's use of Plaintiff's Infringing Mark in connection with Plaintiff's Infringing Services. At all times relevant to this lawsuit, consumers in the musical production industry have associated AGGLA's ANNE OF GREEN GABLES THE MUSICAL with AGGLA and its reputation for creating high-quality musical productions.

39.　　Plaintiff's use in commerce of Plaintiff's Infringing Mark in connection with Plaintiff's musical production constitutes trademark infringement of AGGLA's rights in AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and unfair competition pursuant to 15 U.S.C. § 1125(a).

40.　　Plaintiff's Infringing Mark is identical or substantially similar to AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark. Plaintiff's Infringing Services are substantially similar, and/or related to AGGLA's Services.

41.　　Plaintiff's use in commerce of Plaintiff's Infringing Mark used in connection with Plaintiff's Infringing Services has caused or will likely cause confusion or mistake, or to deceive consumers of Plaintiff's Infringing Services and AGGLA's Services to erroneously believe that Plaintiff's musical production originates from the same source as AGGLA's Services, or is

otherwise affiliated, connected, or associated with AGGLA, or sponsored or approved by AGGLA, when in fact it is not.

42.    On information and belief, Plaintiff knowingly, willfully, and intentionally infringed AGGLA's trademark rights by deliberately exploiting the substantial goodwill associated with AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark.

43.    On information and belief, Plaintiff selected Plaintiff's Infringing Mark with the willful intent to cause confusion and to deceive consumers into believing that Plaintiff's musical production is actually AGGLA's or associated therewith.

44.    Plaintiff's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.    AGGLA has no adequate remedy at law. Plaintiff's conduct as alleged herein has caused and will continue to cause irreparable harm to AGGLA's rights in AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## THIRD COUNTERCLAIM
### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

46.    AGGLA repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

47.    AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks are distinctive and are famous marks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48.    AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks became distinctive and famous prior to Plaintiff's acts as alleged.

49.    Plaintiff's acts as alleged herein have diluted and will continue to dilute and are likely to dilute the distinctive quality of AGGLA's famous ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks.

50.    Plaintiff's acts as alleged herein are intentional and willful in violation of Section

43(c)(1) of the Lanham Act, and have already caused AGGLA irreparable damage and will, unless enjoined, continue to damage AGGLA.

51.     AGGLA has no adequate remedy at law. Plaintiff's conduct as alleged herein has caused and will continue to cause irreparable harm to AGGLA's rights in AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

**FOURTH COUNTERCLAIM**
**(New York Common Law Trademark Infringement)**

52.     AGGLA repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

53.     AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks are valid and subsisting trademarks under Common Law.

54.     AGGLA's use of the ANNE OF GREEN GABLES THE MUSICAL Mark and the ANNE Marks is senior to Plaintiff's use of Plaintiff's Infringing Mark.

55.     Plaintiff's continued use of Plaintiff's Infringing Mark without AGGLA's consent constitutes trademark infringement under New York common law.

56.     Irreparable harm to AGGLA is imminent as a result of Plaintiff's conduct, and AGGLA is without an adequate remedy at law. AGGLA is thus entitled to an injunction restraining Plaintiff, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

57.     Upon information and belief, and as evidenced in part by Plaintiff's refusal to cease unauthorized use of the Infringing Mark after receiving correspondence from and speaking to AGGLA's counsel, Plaintiff's acts were done intentionally and with knowledge of AGGLA's rights.

58.     As a result of Plaintiff's infringement, AGGLA has sustained and continues to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

59.     This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## FIFTH COUNTERCLAIM
### (New York Unfair Competition / Unjust Enrichment )

60.     AGGLA repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

61.     Plaintiff's continued use of the Infringing Mark without AGGLA's consent constitutes unfair competition under New York common law.

62.     As a direct and proximate result of the foregoing, Plaintiff has been unjustly enriched at the expense of AGGLA.

63.     Irreparable harm to AGGLA is imminent as a result of Plaintiff's conduct, and AGGLA is without an adequate remedy at law. AGGLA is thus entitled to an injunction restraining Plaintiff, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

64.     Upon information and belief, and as evidenced in part by Plaintiff's refusal to cease unauthorized use of the Infringing Mark after receiving correspondence from and speaking to AGGLA's counsel, Plaintiff's acts were done intentionally and with knowledge of AGGLA's rights.

65.     As a result of Plaintiff's infringement, AGGLA has sustained and continues to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

66.     This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## PRAYER FOR RELIEF

Wherefore, AGGLA prays for judgment against Plaintiff as follows:

A.      That the Court enter a finding that Plaintiff's use of Plaintiff's ANNE OF GREEN GABLES A NEW MUSICAL mark in connection with its Infringing Services infringes AGGLA's rights in its ANNE OF GREEN GABLES trademark registrations and in its ANNE OF GREEN GABLES THE MUSICAL Mark in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c));

B.      That the Court enter an injunction prohibiting Plaintiff, as well as its officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Plaintiff from:

i.      Using Plaintiff's ANNE OF GREEN GABLES A NEW MUSICAL mark in connection with any of Plaintiff's services including Plaintiff's Infringing Services in New York and throughout the United States;

ii.     Infringing any of AGGLA's intellectual property rights in AGGLA's ANNE OF GREEN GABLES THE MUSICAL Mark;

iii.    Infringing any of AGGLA's intellectual property rights in its ANNE OF GREEN GABLES registrations;

iv.     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Plaintiff or any of their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Plaintiff are sponsored, approved, or licensed by AGGLA, or are in any way connected or affiliated with AGGLA;

v.      Affixing, applying, annexing, or using in connection with the distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods or services as being those of AGGLA, including without limitation AGGLA's ANNE OF GREEN GABLES THE

16

MUSICAL Mark or the ANNE Marks;

vi.     Otherwise competing unfairly with AGGLA in any manner; and

vii.    Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)-(vi) above.

C.      That Plaintiff's acts constitute unfair competition under New York common law;

D.      That Plaintiff's acts constitute dilution of AGGLA's famous ANNE OF GREEN GABLES trademark registrations;

E.      That the Court enter a finding that Plaintiff's actions were willful, intentional, deliberate, and malicious;

F.      That the Court require Plaintiff to immediately provide AGGLA's counsel with a complete list of individuals that purchased Plaintiff's Services or other goods and services offered, distributed, advertised, or promoted under the Infringing Mark;

G.      That the Court require Plaintiff, within thirty (30) days after service of the judgment demanded herein, to file with this Court and serve upon AGGLA's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

H.      That the Court award AGGLA damages in accordance with applicable law, including without limitation three times the amount of all profits realized by Plaintiff from the use of Plaintiff's Infringing Mark in accordance with 15 U.S.C. § 1117(a), N.Y. Gen. Bus. Law § 360-M, and any other applicable laws, plus prejudgment interest.

I.      That the Court find that this is an exceptional case and award AGGLA its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and/or New York law;

J.      That the Court order an accounting of and impose a constructive trust on all of Plaintiff's funds and assets that arise out of its infringing activities;

K.      That the Court retain jurisdiction of this action for the purpose of enabling AGGLA to apply to the Court at any time for such further orders and interpretation or execution of any

orders entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

      L.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, AGGLA hereby demands a trial by jury.

DATED: May 1, 2023

Respectfully submitted,

By:
s/  *Marc J. Rachman*
_____

Marc J. Rachman
MRachman@dglaw.com
**Davis+Gilbert LLP**
1675 Broadway
New York, NY 10019
Tel: 212-468-4890

*Attorney for Defendant*
Anne of Green Gables Licensing Authority

*Pro Hac Vice admission to be sought*
Benjamin S. White, CA Bar No. 279796
bwhite@ipla.com
**IPLA, LLP**
4445 Eastgate Mall, Suite 200
San Diego, CA 92101
Tel: 858-272-0220